**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| ANA SABILLON PAZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>   Plaintiff,<br><br>v.<br><br>FOOD REAL, LLC<br>d/b/a LA DOÑITA<br>d/b/a LA DOÑITA II<br>6543 Ager Road<br>Hyattsville, MD 20782<br>(Prince George's County)<br><br>DORA ALICIA PEREZ<br>2604 Buck Lodge Terrace<br>Adelphi, MD 20783<br>(Prince George's County)<br><br>   Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked for Defendants' restaurant, Defendants failed to pay her minimum and overtime wages.

2. Plaintiff brings this action against Food Real, LLC and Dora Alicia Perez ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5. Plaintiff Ana Sabillon Paz is an adult resident of Prince George's County, Maryland.

6. Defendant Food Real, LLC is a Maryland limited liability company. It does business as La Doñita. Its principal place of business is located at 6543 Ager Road, Hyattsville, MD 20782. Its resident agent for service of process is Dora Alicia Perez, 2604 Buck Lodge Terrace, Adelphi, MD 20783.

7. Defendant Dora Alicia Perez is an adult resident of Maryland. She resides at 2604 Buck Lodge Terrace, Adelphi, MD 20783. She is an owner and member of Defendant Food Real, LLC. She exercises control over the operations of Food Real, LLC — including its pay practices.

**Factual Allegations**

8. Defendants own and operate the restaurant La Doñita, located at 6543 Ager Road, Hyattsville, MD 20782.

9. Plaintiff worked at La Doñita from approximately May 2021 through approximately December 12, 2023 — with a leave of absence from approximately January 1, 2022 through approximately August 28, 2022.

10. Plaintiff worked at La Doñita as a server and cashier.

11. Plaintiff's job duties at La Doñita primarily consisted of serving customers and working the cash register.

12. Plaintiff typically and customarily worked five to six days per week at La Doñita.

13. Plaintiff typically and customarily worked an average of approximately forty-eight hours per week at La Doñita.

14. At all relevant times, Defendants paid Plaintiff by the hour.

15. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jul. 10, 2021–Oct. 31, 2022 | $11.00 |
| Nov. 01, 2022–Dec. 12, 2023 | $12.00 |

16. At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

17. At all relevant times, Plaintiff typically worked more than forty hours per workweek for Defendants.

18. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

19. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

20. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Maryland minimum wage.

21. At all relevant times, Defendant employed 14 or fewer employees.

22. Maryland law required employers with fourteen or fewer employees to pay employees at least: $11.60 per hour from January 1, 2021 through December 31, 2021, $12.20 per hour from January 1, 2022 through December 31, 2022, and $12.80 per hour from January 1, 2023 through December 31, 2023. Md. Code, Lab. & Empl. Art. § 3-413.

23. For her work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $12,000.00 in minimum and overtime wages (excluding liquidated damages).

24. Defendant Perez set La Doñita's hours of operation.

25. Defendant Perez hired and fired employees at La Doñita.

26. Defendant Perez participated in hiring Plaintiff.

27. Defendant Perez participated in firing Plaintiff.

28. Defendant Perez set Plaintiff's rate and manner of pay.

29. Defendant Perez supervised and controlled Plaintiff's work.

30. Defendant Perez had the authority to sign checks on behalf of Food Real, LLC.

31. Defendant Perez signed checks on behalf of Food Real, LLC.

32. Defendant Perez signed Plaintiff's paychecks.

33. Defendant Perez was personally aware that Plaintiff was not being paid the legal minimum wage.

34. Defendant Perez was personally aware that Plaintiff was not being paid overtime wages.

35. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

36. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

37. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

38. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

39. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

40. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable Maryland minimum wage.

41. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

43. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the FLSA were willful.

49. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

52. The MWHL requires that employers pay non-exempt employees at least $11.60 per hour from January 1, 2021 through December 31, 2021, $12.20 per hour from January 1, 2022 through December 31, 2022, and $12.80 per hour from January 1, 2023 through December 31, 2023. Md. Code, Lab. & Empl. Art. § 3-413.

53. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

54. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

55. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

56. Defendants' violations of the MWHL were willful.

57. For their violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

60. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

61. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

62. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

63. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

64. Defendants' violations of the MWPCL were willful.

65. For their violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$40,055.00**, and grant the following relief:

    a.    Award Plaintiff $36,000.00, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,650.00);

d.    Award Plaintiff court costs (currently, $405.00); and

e.    Award any additional relief the Court deems just.

July 10, 2024                                      Respectfully submitted,

                                                  **DCWageLaw**

                                                  By: /s/ Justin Zelikovitz
                                                  JUSTIN ZELIKOVITZ, #17567
                                                  JONATHAN P. TUCKER, #18376
                                                  519 H Street NW
                                                  Washington, DC 20001
                                                  Phone: (202) 803-6083
                                                  Fax: (202) 683-6102
                                                  justin@dcwagelaw.com
                                                  jt@dcwagelaw.com

                                                  *Counsel for Plaintiff*