IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Ana Sabillon Paz, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: 8:24-cv-02002-PX |
| Food Real, LLC, *et al.*, | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants, Food Real, LLC, d/b/a La Doñita Latin Deli ("Food Real") and Dora Alicia Perez ("Dora Perez") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby answers the Complaint filed by Plaintiff Ana Sabillon Paz ("Plaintiff") and states as follows:

**ANSWER**

1. Defendants deny the allegations in Paragraph 1.

2. Defendants deny that they failed to pay minimum and overtime wages to Plaintiff. The remaining allegations in Paragraph 2 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

3. The allegations in Paragraph 3 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

4. The allegations in Paragraph 4 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants deny that Food Real does business as La Doñita. Defendants admit the remaining allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit that Food Real, LLC owns La Doñita Latin Deli, located at 6543 Ager Road, Hyattsville, MD 20782. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that Plaintiff worked at La Doñita[1] starting on or about June 7, 2021. Defendants admit that Plaintiff took a leave of absence from approximately December 19, 2021, to August 12, 2022. Defendants admit that Plaintiff worked at La Doñita from approximately August 15, 2022 through December 12, 2023. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that Plaintiff worked at La Doñita as a server and was asked to serve as a cashier on occasion. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that Plaintiff's job duties at La Doñita primarily consisted of serving customers, and occasionally covering the cash register. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants admit that they paid Plaintiff an hourly wage. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that they paid Plaintiff an hourly rate of Eleven Dollars ($11.00) from approximately June 7, 2021 to December 19, 2021, plus tips. Defendants admit that they paid Plaintiff an hourly rate of Twelve Dollars ($12.00) from approximately August 15, 2022 to December 12, 2023, plus tips. Defendants deny the remaining allegations in Paragraph 15.

---

[1] For purposes of Defendants' Answer only, La Doñita Latin Deli and La Doñita will be referred to interchangeably.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. The allegations in Paragraph 22 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. The allegations in Paragraph 39 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

40. The allegations in Paragraph 40 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants reaffirm and incorporate all of their responses to Paragraphs 1-43 as if set fully forth herein.

45. The allegations in Paragraph 45 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

46. The allegations in Paragraph 46 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants reaffirm and incorporate all of their responses to Paragraphs 1-49 as if set fully forth herein.

51. The allegations in Paragraph 51 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

52. The allegations in Paragraph 52 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

53. The allegations in Paragraph 53 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants reaffirm and incorporate all of their responses to Paragraphs 1-57 as if set fully forth herein.

59. The allegations in Paragraph 59 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

60. The allegations in Paragraph 60 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

61. The allegations in Paragraph 61 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

62. The allegations in Paragraph 62 purport to be statements of law and not averments of fact, and as such, no response to said allegations is required.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

## **PRAYER FOR RELIEF**

Defendants state that Plaintiff's Prayer for Relief requested in her Complaint should be denied as Plaintiff is not entitled to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

In further answering, Defendants hereby assert the following affirmative and other defenses:

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of Res Judicata.
2. Plaintiff's Complaint as a whole and by each count therein fails to state a claim upon which relief can be granted.
3. Plaintiff's claims are barred, in whole or in part, by the doctrine of Illegality.
4. Plaintiff's claims are barred, in whole or in part, by the doctrine of Failure of Consideration.
5. Plaintiff's claims are barred, in whole or in part, by the doctrine of Duress.
6. Plaintiff's claims are barred, in whole or in part, by the doctrine of Coercion.
7. Plaintiff's claims are barred, in whole or in part, by the doctrine of Ultra Vires.
8. Plaintiff's claims are barred, in whole or in part, by the doctrine of Injury by Fellow Servant.
9. Plaintiff's claims are barred, in whole or in part, by the doctrine of Collateral Estoppel.
10. Plaintiff's claims are barred, in whole or in part, by the doctrine of Laches.
11. Plaintiff's claims are barred, in whole or in part, by the doctrine of License.
12. Plaintiff's claims are barred, in whole or in part, by the doctrine of Release.
13. Plaintiff's claims are barred, in whole or in part, by the doctrine of Judicial Estoppel.
14. Plaintiff's claims are barred, in whole or in part, by the doctrine of Fraud.
15. Plaintiff's claims are barred, in whole or in part, by the doctrine of Estoppel.
16. Plaintiff's claims are barred, in whole or in part, by the doctrine of the Statute of Limitations.
17. Plaintiff's claims are barred, in whole or in part, by the doctrine of the Statute of Frauds.
18. Plaintiff's claims are barred, in whole or in part, by Waiver and Double Recovery.
19. Plaintiff's claims are barred, in whole or in part, by Unclean Hands.

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of Contributory Negligence and/or Assumption of the Risk.

21. Plaintiff's claims are barred, in whole or in part, by the doctrine of Accord and Satisfaction.

22. Plaintiff's claims are barred, in whole or in part, by the acts and/or omissions of Plaintiff.

23. Plaintiff did not work the hours as alleged in the Complaint.

24. Plaintiff has been paid all amounts legally due under the FLSA, MWHL, and MWPCL.

25. Plaintiff's claims for unpaid wages, overtime wages, and/or liquidated damages under the FLSA are barred for a period in excess of two years prior to the filing of the Complaint as Defendants' alleged violations were not willful.

26. At all times relevant hereto, Defendants acted in good faith and had reasonable grounds to believe their actions were not in violation of the FLSA and MWHL. None of Defendants' alleged actions were willful, and as such, any claim for liquidated damages under the FLSA or MWHL is either barred or subject to an appropriate reduction.

27. There exists a bona fide dispute between Plaintiff and Defendants with respect to matters raised in the Complaint and, thus, Plaintiff is not entitled to liquidated damages or treble damages under the MWPCL.

28. Plaintiff is not entitled to the damages complained of in the Complaint.

29. Plaintiff is not entitled to attorney's fees and costs.

30. To the extent any allegation contained in the Complaint is not expressly admitted, it is hereby denied.

31. Defendants intend to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Defendants expressly reserve the right to amend this Answer to assert any and all such defenses.

WHEREFORE, having answered Plaintiff's Complaint, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

_____/s/_____
Jeffrey J. Sadri, Esq. (Bar No. 19118)
Ellison Sadri, LLC
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
Phone: (410) 974-6000
Fax:    (410) 224-4590
Email: jsadri@eslawgroup.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2024, a copy of the foregoing was served to all counsel of record via this Honorable Court's CM/ECF System.

_____/s/_____
Jeffrey J. Sadri, Esq. (Bar No. 19118)